## ZOUZOULAS v ADAMS

Case No. CJAP: 86-5

Ninth Judicial Circuit, Orange County

November 26, 1986

### APPEARANCES OF COUNSEL

**William J. Sheaffer** for appellant.

**Belvin Perry, Jr.,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Attorney, Alex Zouzoulas, appeals his Adjudication and Sentence for Direct Criminal Contempt, contending that due process was not afforded him under Rule 3.830, Fla. R. Cr. P. The Court agrees and reverses the adjudication and sentence.

The record of the proceedings reflect the following:

MR. ZOUZOULAS: I would just like to state for the record, this prosecutor's position with respect to this is kind of peculiar, in light of the zealousness with which the Orange County State Attorney's Office prosecutes people in this county. I

find it kind of peculiar that they have this deep and grave concern for the . . .

MR. BERMAN: (Interposing) I don't believe . . .

MR. ZOUZOULAS: (Interposing) Excuse me—excuse me—somebody might incriminate himself, and that that person might subject himself to criminal liability. I'm not going to pursue the questioning any further.

THE COURT: Mr. Zouzoulas, I find your remarks regarding the State Attorney in open court to be contemptuous and I am going to fine you $50.00.

The record of this case clearly shows that the trial judge failed to provide due process. No effort was made to comply with the Florida Rules of Criminal Procedure, Rule 3.830. The Judgment and Sentence did not include a recital of the facts upon which the adjudication of guilty was based. The trial judge did not inquire as to whether Mr. Zouzoulas had any cause to show why he should not be adjudicated guilty of Contempt of COurt. The trial judge did not present Mr. Zouzoulas with an opportunity to present evidence of excuse or mitigation. The case law requires that the trial judge substantially comply with the Rule and failing to do so is an abuse of discretion.

Adjudication and Sentence is REVERSED.